*BANK OF LOUISIANA vs. STERLING & AL.*

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE OF THE SIXTH PRESIDING.

A promissory note begining " I promise to pay," &c, and signed by sev-eral persons, is *several*, as well as joint in its obligation, and the parties may be sued jointly and severally and judgment rendered *in solido*.

Legal interest on sums. discounted in bank, is the rate of banking interest, established by their charters. The *maximum of interest* on notes payable more than four months after date, at the Bank of Louisiana, is 9 per cent., which is the legal interest to be allowed on such judgments in its favor.

This is an action on a promissory note, executed by Alis Demaret, Tutrix, &c. of the minors of Jefferson Caffery, deceased, and W. Stirling, as joint makers, and Donelson Caffery as endorser, for $640,25, dated, Opelousas, 26th June, 1828, and discounted at the Branch Bank of the State of Louisiana, at Opelousas. The note reads "*I promise to pay* to the order of Donelson Caffery &c." but is

signed by two persons as drawers, already named. The note was regularly protested for non-payment, and suit instituted against one of the makers, (Sterling) and the endorser in the Parish of St Mary, at the May term, 1830.

The defendant, Stirling, plead that he was only a security, and that the principal should be joined, and also prayed and claimed the right of discussion on the property of the principal, before he be made responsible. The plea of discussion, and joinder of the principal, who resided in a different Parish was overruled.

The defendant Caffery, answered separately, by saying the blank note on which his endorsement had been obtained, was filled up for a larger sum than he had agreed to endorse for, and prayed that the makers of the note be made liable to him for any loss he might sustain.

There was judgment for the plaintiff, for the amount of the note, with *nine* per cent. interest and costs.

The defendant Sterling appealed.

*Lewis & Brownson* for plaintiff. This case is a clear one for the plaintiffs—

1. Where two or more persons sign a note or obligation, beginning with the phrase or words " *I promise to pay, &c.*" they are jointly and severally bound. Chitty on Bills, Edition of 1821, p. 433.

2. The Bank is entitled to charge interest on all notes and obligations, payable four months after date, at the rate of nine per cent. from the time they are due, until paid. La. Code, 2895. 1 Moreau's Dig. 50.

*Bowen* for defendants. There are two questions in this case. 1. Will a person signing with the *drawer* of a note or obligation, beginning with the phrase " I promise to pay, &e." be bound as a principal *in solido,* or only as common surety ?

2. Can the Bank receive interest at the rate of nine per cent. on its notes or bills, after they become due and protes-

ted, when it has already charged and received this rate of interest from the date of the *discount* until *due ?*

*Martin J.* delivered the opinion of the Court.

The Bank sues one of the makers, and the endorser of an accommodation note, by them discounted.

The first defendant resisted the claim on the ground that he subscribed the note as the second obligor, and must be consequently viewed as the surety of his co-obligor alone.

The other defendant admitted his endorsement, but contended he was liable on the failure of the makers only.

There was judgment against both defendants *in solido* and they appealed.

The appellants' counsel has insisted—

1. The first defendant was liable for one half of the sum mentioned in the note, as the note is a joint one only.

2. The Court erred in allowing interest at the rate of *nine* per cent.

*A promissory note beginning——"I promise to pay," &c. and signed by several persons, is several as well as joint in its obligation, and the parties may be sued jointly and severally and judgment rendered in solido.*

I. The note though subscribed by two individuals is worded in the singular,—"*I promise to pay :*" If a note signed by several persons and begin, "I promise to pay &c," it is *several* as well as *joint* ; and the parties may be sued jointly and severally. Chitty on Bills, Ed. 1821, 433.

II. The note was duly protested, and notice was duly given. Legal interest was therefore to be allowed.

*Legal interest on sums discounted in Bank, is the rate of Banking interest established by their charters. The maximum of interest on notes payable at more than four months after date, at the Bank of Louisiana, is nine per cent., which is the legal interest to be allowed on such judgments in its favor.*

Legal interest on sums discounted by Banks is, that established by their charters. La. Code, Art. 2895.

The plaintiffs' charter establishes *nine* per cent. as the maximum of interest which they may take on loans and discounts. 1. Moreau's Dig. 50, sec. 12.—When a note like the present is payable more than four months after discount or loan. We therefore think that the District Judge did not err in considering *nine* per cent as the rate of interest established by the charter, in the present case, and consequently as the legal interest stated in the Code.

It is therefore ordered, adjudged and decreed that the judgment be affirmed with costs.