### BENNETT ET AL. vs. ALLISON.

**APPEAL FROM THE COURT OF THE FIRST DISTRICT.**

In a suit upon a note the plaintiff is not bound to prove the defendant's signature, unless it be expressly denied; but if neither the allegations in the petition nor interrogatories annexed thereto require such denial or admission, then every means of defence is open to the defendant, under a plea of the general issue.

*Solidarity* in obligations must be express, except in the case of commercial partners.

Where one of the joint obligors of a note given by a *particular partnership* fails, and places the payee as a creditor on his *bilan* for the *whole amount*, he is nevertheless liable but for half.

This suit was brought on a promissory note, in the following words:—"Three months after date, we promise to pay William Bennett and Hugh Grant, or order, four hundred and twenty-one dollars and sixty-six cents. Value received." Signed "Allison & Rowe." Suit had been previously brought against Thomas Roe, one of the drawers, and judgment rendered in favor of the same plaintiffs for the amount of the note; Allison having obtained a stay of proceedings and respite. His respite having expired, this suit was brought against him. Having pleaded a general denial, the signature of the note was proved to be in his handwriting. On the trial the defendant offered evidence that the firm of Roe & Allison was a particular partnership; to which evidence the plaintiffs objected on the ground that the fact was not pleaded, and that the defendant's signature to the note having been denied and proved, no evidence could be received in defence. The court admitted the evidence. The *particular* drawers of the note were proved to have been partners as builders; and the court charged the jury that the plaintiffs could recover but half the amount of the note. They found

Eastern District,
May 1831.

BENNETT ET AL
*vs*
ALLISON.

accordingly; and from the judgment on their verdict the plaintiffs appealed.

*Preston* for appellant.

1st. The district judge erred in the opinions excepted to. The answer admitted no special defence.—C. P. 326, 326.

2d. The words of the note sued upon create an obligation *in solido* on the part of Roe & Allison.—C. C. 2077.

*Mathews, J.* delivered the opinion of the court. ,

This suit is founded on a promissory note, which purports to have been made by the defendant jointly with a person of the name of Roe.

The answer to the petition is a general denial. It does not appear that the defendant was called upon to acknowledge or deny his signature, according to the 323d article of the Code of Practice; nor is there any specific allegation that the note was signed by him, in pursuance of article 324.

The plaintiff proceeded to prove the signature, under the general denial; and then claimed a right to enforce the disabilities imposed on defendants who have expressly denied their signatures, by articles 325 and 326; alleging that, according to these articles, the defendant was barred from every other species of defence.

The defence offered was, the want of *solidarity* in the obligation of Allison & Roe, supported by proof that their partnership was particular, and not commercial.

A jury, to whom the cause was submitted, found a verdict for one-half of the sum specified in the note, under a charge from the court; and from a judgment rendered in pursuance of this finding, the plaintiffs appealed.

A construction has already been given to the articles of the Code of Practice invoked in the present case, by which it appears that a defendant ought not to be precluded from other defences, unless by the petition and answer he be brought precisely under the disabilities imposed by a strict

pursuit of the law, which did not occur in the present case. —*See* 8 *N. S. p.* 297.

The defendant not having expressly denied his signature or execution of the note, the plaintiff was not bound to prove these facts. If it be granted that the petition is made in such terms as to require of him an express and specific admission or denial;—if neither the allegations in the petition, nor interrogations annexed thereto, required such denial or admission; then every means of defence remained open to the defendant, under a plea of the general issue.

It is a matter so well known, that according to our law *solidarity* in obligations must be express, that we deem it useless to cite any authorities to this effect. The only case recollected in which it takes place without express stipulation, is that of commercial partners.

But admitting the truth and correctness of these doctrines, it is contended for the plaintiffs, that Allison assumed to pay them the whole amount promised in the joint note of him and Roe, by placing them on his schedule as creditors to that effect, in his application for a respite, sanctioned by his oath. The oath annexed to the schedule declares that it contains a true and exact account of his property, as well as of his creditors. By placing himself as debtor to the plaintiffs for the entire sum expressed in the joint note of him and Roe, he could not preclude them from pursuing Roe for the one-half, which he was legally bound to pay; nor could this circumstance have prevented the mass of his creditors from contesting Allison's liability for more than half that sum. We are of opinion that the bare circumstance of placing the debt in this manner on the bilan of the debtor, produced no alteration in his legal obligations arising from the joint note of him and Roe.

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be affirmed with costs.

Eastern D'strict,
*May* 1831.

BENNETT ET AL
*vs.*
ALLISON.

In a suit upon a note the plaintiff is not bound to prove the defendant's signature unless it be expressly denied ; but if neither the allegations in the petition nor interogations annexed thereto require such denial or admission, then every means of defence is open to the defendant under a plea of the general issue.

*Solidarity* in obligations must be express. except in the case of commercial partners.

Where one of the joint obligors of a note given by a *particular partnership* fails, and places the payee, as a creditor on his *bilan* for the whole amount, he is nevertheless bound but for one half.