Eastern Dis.
*August,* 1832.

TUCKER *vs.* LISLE.

TUCKER
*vs.*
LISLE.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE OF THE EIGHTH PRESIDING.

Where a plaintiff sues as heir she is not compelled to prove her capacity, unless it be specially denied.

Where the plaintiff sues as daughter, and the petition shows that she claims nothing except by inheritance from her deceased father, it is a sufficient averment of her capacity of heir.

A contract made by a *femme couverte* is ratified by a partial payment after she becomes a *femme sole.*

The facts are stated in the opinion of the court, delivered by MARTIN, J.

The defendant and appellant urges, that the district judge erred in giving judgement against her, because:

1. The plaintiff failed in showing that she was heir, and sole heir, of the person under whom she claims.

2. The contract sued on was entered into by the defendant during her coverture.

The plaintiff sues as daughter of Henry Tucker, deceased, and avers she is the bearer and legal owner of the note sued on, by inheritance from her said deceased father, and has the right to sue for and recover the contents. The general issue and other pleas were pleaded, but there was no special denial of the plaintiff's heirship, and no proof thereof was administered.

Had the plaintiff sued as heir of H. T. she would not have been compelled to administer proof of her capacity to sue as heir, unless it had been specially denied, although the general issue was pleaded; because that plea does not deny the description the plaintiff gives of his person, nor the capacity of heir, executor, curator, syndic, trustee, &c., in which the suit is brought.

Where a plaintiff sues as heir, she is not compelled to prove her capacity, unless it be specially denied.

Where the plaintiff sues as daughter, and the petition shows that she claims nothing except by inheritance from her deceased father, it is a

She has sued as daughter of H. Tucker, deceased, and the petition shows that she claims nothing except by inheritance from her said deceased father. We think that this sufficiently avers her capacity of heir, which the defendant ought to have denied if she believed the plaintiff did not possess.

It is clear the defendant was a *femme couverte*, at the time she made the contract, but it is shown that she ratified it by a partial payment after she became a *femme sole*.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs.

EASTERN DIS.
*August*, 1832.

A contract made by a *femme couverte* is ratified by a partial payment after she becomes a *femme sole*.