Eastern Dis.
February, 1833.

MAYOR ETC. OF
NEW-ORLEANS
vs.
RIPLEY ET ALS.

MAYOR &c. OF NEW-ORLEANS vs. RIPLEY ET ALS.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

All the co-obligors in a bond must be prosecuted to judgment.

The court cannot act on the extrajudicial information of its members, in relation to the facts of a cause.

The words " We promise to pay," create a joint obligation only.

An objection given as collateral security for a debt of a third person, does not subject the makers to the laws of sureties.

It is sufficient for the defendants sued on an obligation, to show, that all the co-obligors are not made co-defendants, and the plaintiff must establish the facts which make the case an exception.

This cause is now in this court for the second time. When it was first called for trial in the court below, the defendants challenged the jurors on the ground that they were members of the corporation. The court sustained this objection, and the plaintiffs appealed. The cause was remanded by this court on the ground that the *Code of Practice*, which excludes such jurors as have a direct or indirect interest in the cause, was amended in this respect by the act of 1825, admitting jurors who are members of a corporation, which is a party to the suit. *Vide* 2 *La. Rep.* 344.

After the cause had been remanded, the court below, on motion of the plaintiffs, ordered the cause to be discontinued as to three of the defendants. No reason was assigned on the record for this order.

At the trial, on motion of the defendants, the court ordered the cause to be dismissed, on the ground that the cause had been improperly discontinued as to three of the defendants. The plaintiffs appealed.

*Eustis*, for appellants.

EASTERN DIS.
*February,* 1833.

MAYOR ETC. OF
NEW-ORLEANS
*vs.*
RIPLEY ET ALS.

1. The words " we promise," express a joint and several obligation.

2. The *Louisiana Code* only provides, that all the co-obligors shall be sued, and does not prevent a discontinuance as to some of them.

*I. W. Smith,* for appellees.

1. The words of the note, "We promise to pay," &c. must not be construed separately, but collectively, and only upon that construction they create an obligation.

2. No solidarity is expressed, it cannot be implied, and the defendants are in no event liable for more than their respective virile shares. *Nuéva Recopilación, lib.* 5, *title* 16. *l.* 1. *Old Civil Code, p.* 278, *art.* 102. 3 *La. Rep.* 568, *Percy* vs. *Millaudon.*

3. The union of these co-obligors is not governed by the laws which control commercial partnership. 2 *La. Rep.* 419, *Bennett et al.* vs. *Allison.*

4. Judgment cannot be rendered against one of these defendants separately, but all the co-obligors must be made co-defendants; and all must continue such until the termination of the suit, or no judgment whatever can be rendered. *La. Code,* 2081. 3 *La. Rep.* 437, *Barrow* vs. *Norwood.*

5. The inferior court, therefore, properly dismissed the suit, after the plaintiffs had discontinued against three of the co-obligors, and assigned no reason for it upon the record. *Vide* the authorities last cited.

6. The court cannot take judicial cognizance of well known facts affecting the merits of the case, if these facts are not spread upon the record.

PORTER, J. delivered the opinion of the court.

This action is brought on a promissory note, which was made in this form: " We promise to pay," &c.; and it is signed by several persons who were made parties to the suit. Before the cause came on for trial, the counsel for the plain-

EASTERN DIS.
*February,* 1833
========
MAYOR ETC. OF
NEW-ORLEANS
*vs.*
RIPLEY ET ALS.

tiffs moved to discontinue the cause, as to three of the defendants, J. W. Smith, E. Fiske, and John Brown.

On the trial, the defendants moved that the cause should be dismissed, on the ground that the obligation was joint, not joint and several, and that by our law, suit must be brought and prosecuted to judgment against all. The court sustained the objection, and ordered the suit to be discontinued. The defendants appealed.

The first objection taken to the correctness of the decision given below, is, that the articles of the *Louisiana Code,* on which this decision was made, do not require all the co-obligors to be prosecuted to judgment; it is sufficient if they be made parties in the first instance, and this being done, the action may be discontinued against the others.

All the co-obligors in a bond must be prosecuted to judgment.

This proposition in the general terms just stated, cannot receive the assent of the court. Whether there may not be exceptions to it, arising out of the *want of jurisdiction in the same tribunal before which the suit is pending,* to bring all the parties before it, we need not inquire; for there is no evidence on record to show to us that the parties, against whom this action was discontinued, were not legally responsible, and equally amenable to the jurisdiction of the court with the other defendants. It has indeed been urged on us that the judges of this court have individual and extrajudicial knowledge, that one or two of the parties are dead, and the other a bankrupt. This court never has, or never can act on the information of its members in relation *to the facts*

The court cannot act on the extrajudicial information of its members, in relation to the facts of a cause.

*of a cause.* Its duty is to decide the case on the evidence received in the court below. And we can only give such judgment as the inferior tribunal might have given on the proof adduced to it.

We are, therefore, compelled to examine whether the obligation sued on, was joint, or joint and several.

By our law, an obligation *in solido,* cannot be presumed, it must be expressed.

The words, "we promise to pay," create a joint obligation only.

The question then is, whether, if several persons bind themselves by these words, "we promise to pay eight thousand five hundred dollars," they express that each one of

EASTERN DIS.
*February,* 1833.

MAYOR ETC. OF
NEW-ORLEANS
*vs.*
RIPLEY ET ALS.

them is to pay eight thousand five hundred dollars? We think not; because from the terms of the obligation, it is to be performed not by one of the obligors, but by all of them.

Until the matter was stirred in this case, we thought it was of universal understanding, that an obligation expressed in the terms just given, created a joint, not a joint and several obligation. But we are told that no case can be found where such a decision was given. If none such could be found, the cause might be sought for in the fact, that the effect of such a contract was, perhaps, rarely questioned before.

*Chitty* tells us, "that when a promissory note is made by several, and expressed, *we promise to pay*, it is a joint note only; but if signed by several persons, and begins *I* promise to pay, it is joint and several. *Chitty on Bills, ed.* 1819,351.

A cause was decided in Pennsylvania, on a bond in these words: "We do bind ourselves, our heirs, executors, administrators, and *every of them*," &c. It was held a joint, not a joint and several obligation. *Wharton's Digest, p.* 90.

And there are a great many cases in the books, which clearly proceed on the idea, that such words create a joint obligation, because they turn on the effect of other words being added to them, which make the engagement one *in solido.* A number of them are collected in *Bac. Abridgment, vol.* 5, 164 *to* 166.

But be the authorities in that system of jurisprudence what they may, we are of opinion that under the provisions of our Code, the words "*we promise to pay*, do not express an obligation that each one of the parties signing shall pay the sum which is promised by all.

We do not think there is any weight in the objection, that the obligation, in this instance, having been given to secure the payment of a debt due by others, it must be subject to the law which governs sureties. The proof adduced, shows, that the parties signing it were not bound for the principal debt. The engagement was independent of it, and received as collateral security.

An obligation given as collateral security for a debt of a third person, does not subject the makers to the laws of sureties.

It was contended, that the defect of not joining all the co-debtors in the suit, should have been pleaded by way of

EASTERN DIS.
February, 1833.

It is sufficient for the defendants sued on an obligation, to show, that all the co-obligors are not made co-defendants, and the plaintiff must establish the facts which make the case an exception.

exception, and that it was the duty of the defendants at the same time to show that those who were not sued were amenable to the jurisdiction of the court.

Admitting the regular practice to be, that this matter should be pleaded in *limine litis*, we do not see how the plaintiffs could be benefited by the recognition of the rule. All the obligors were made parties, in the first instance, to the suit. The plaintiffs, after issue joined, discontinued as to some, and by doing so left the defendants no remedy but to take advantage of it at the trial. As the general rule is that all must be sued, and the exception, if it be one, is that the co-debtors cannot be brought before the court, we think it is sufficient for the defendants to show that all are not made parties, and that it is the duty of the plaintiffs to establish the facts which makes their case an exception.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.