GRONING ET AL. *vs.* W. AND L. KRUMBHAAR.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE BUCHANAN PRESIDING.

An acceptance for accommodation of the drawers of a bill of exchange, is essentially a credit given to them, and they cannot be made liable to the suit of the acceptors before maturity or payment of the bill.

When the suit or demand is premature, or when the obligation sued on is conditional, and its execution demanded before the condition has been fulfilled, the action must be dismissed.

This is an action on an account current, between the plaintiffs and defendants, for a balance due, according to a statement on the account annexed to the petition.

The account of plaintiffs appears to be made up to the 30th June, 1836, by which they charge the defendants with the amount of their draft in favor of Geo. C. Morton, of Baltimore, and accepted by plaintiffs, for two thousand dollars, payable the 12th and 15th August following.

The present suit was instituted by attachment the 4th August, 1836, before the large draft became due.

The attorney appointed to represent the defendants, pleaded a general denial, and specially denied that the defendants were indebted to the plaintiffs in any sum, at the inception of this suit.

It was shown or admitted, that the bill of exchange or draft, which formed the principal item in the account sued

on, was accepted for the accommodation of the defendants, the drawers thereof. The district judge was of opinion, the liability of the plaintiffs to pay this draft, attached immediately on the acceptance, which was previous to the commencement of suit; and their claim on the defendants also attached at the same moment. Judgment was rendered for the plaintiffs, from which the defendants appealed.

*G. B. Duncan,* for the plaintiffs.

*Elwyn,* for the appellants.

*Martin, J.,* delivered the opinion of the court.

The plaintiffs claim a balance of one thousand nine hundred and thirty-one dollars and eighty-seven cents, on an account in which they credit themselves with the sum of two thousand dollars, the amount of a draft of the defendants drawn on them, payable the 12th and 15th August, 1836. The defendants denied that they were in any manner indebted to the plaintiffs on the 4th of August, 1836, the period of the inception of the suit.

There was judgment for eleven hundred and eighteen dollars and forty-seven cents, in favor of the plaintiffs, and the defendants appealed.

The sole question presented for our solution, is that which relates to the correctness of the opinion of the first judge, which decides that the suit was not premature.

He concluded that the liability of the plaintiffs immediately accrued on their acceptance of the bill, and that as it was drawn for the accommodation of the defendants, the liability of the latter attached immediately.

We are unable to concur in this decision. The circumstance of the bill having been accepted for the accommodation of the drawers, repels the idea that the latter were liable to the suit of the acceptors immediately upon the acceptance. An accommodation is essentially a credit to the person for whom it is made. If the drawer became by the acceptance instantly liable to the acceptor's suit, the acceptance would

An acceptance for accommodation of the drawers of a bill of exchange, is essentially a credit given to them, and they cannot be made liable to the suit of the acceptors before maturity, or payment of the bill.

not be a favor to him ; it being immaterial whether he gave his money to the payee or drawee of the bill. All that the latter can expect, is, that the drawer should place funds in his hands on the last day of grace, or reimburse him the day after ; till which, his call on the drawer is premature.

The Code of Practice provides, that when the demand is premature, that is to say, when the action has been brought before the debt had become due, the suit must be dismissed, leaving to the party his right to bring his action in due time, article 158. Further, the acceptor's claim on the drawer is conditional, that is to say, dependent on his payment of the bill. The suit is, therefore, premature, and must be dismissed, if the obligation be conditional, and its execution be demanded before the condition has been fulfilled. *Ibid.*

It is lastly urged, that the defendants, who reside in Philadelphia, have made an assignment of their goods for the benefit of their creditors. As this assignment does not prevent their creditors here from suing them, it does not render their passive debts immediately exigible.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that plaintiff's suit be dismissed, with costs in both courts.