Eastern Dist.

*May*, 1839.

OXNARD
*vs.*
LOCKE ET AL.

---

## OXNARD *vs.* LOCKE ET AL.

### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRCT, JUDGE BUCHANAN PRESIDING.

An auctioneer's certificate is admissible in evidence, even when it shows the sale of certain property was ordered by a different person, than is alleged in the pleadings, when he is shown to have been the agent.

After the death of the auctioneer, parole proof is the best evidence of the correctness of the entries in his record book, and which the nature of the case admits.

In reciprocal contracts, he who desires to comply, when the other delays, must at the proper time offer to perform his part, to put the other in default.

Joint purchasers cannot be condemned *in solido* for the payment of the price.

This is an action to compel the defendants, who were joint purchasers at an auction sale, to comply with the terms and pay the price.

The defendants resisted under several pretexts which are stated in the opinion of this court.

The plaintiff had judgment *in solido*, against them for the price, in case of failure to comply with the terms of sale, &c. They appealed.

*T. Slidell*, for the plaintiff.

*G. B. Duncan*, for the defendants and appellants.

*Rost, J.*, delivered the opinion of the court.

The plaintiff seeks to compel the defendants to comply with the adjudication of a sale of real estate, and prays that in default thereof they may be adjudged to pay him *in solido*, the amount of the adjudication, to wit, four thousand dollars with interest and costs.

The defendants resist the plaintiff's demand on the following grounds :

I. That the sale at auction was informal and void.

II. That they are released from the obligations of taking the property and paying the price, by the delay, negligence and refusal of the plaintiff to comply with his part of the contract, and make a title.

III. That the property was incumbered with mortgages in such a manner, that the plaintiff could not convey it to the defendants.

IV. That the plaintiff's title is defective, and that he was insolvent when he tendered the conveyance.

The District Court gave judgment in favor of the plaintiff, agreeably to the prayer of his petition, and the defendants appealed.

Two bills of exception were taken during the trial.

One to the opinion of the court admitting in evidence an auctioneer's certificate, showing that the lots in controversy had been adjudicated by him to the defendants, by order of William L. Hodge, on the ground that the adjudication was not made by order of the plaintiff, and that the certificate was inadmissible under the issue.

2. To the opinion of the court admitting in evidence the record book of the auctioneer, showing the sale of the lots, and permitting the correctness of the entries in said book to be proved by a witness; the auctioneer being dead at the time, on the ground that the entries were not in the handwriting of the auctioneer, and were not signed by him.

I. We are of opinion the judge did not err. William L. Hodge is shown to have been the general and special agent of the plaintiff, by him duly authorized to cause the sale to be made by the auctioneer.

II. After the death of the auctioneer, proof of the correctness of the entries in his record book, was the best evidence the nature of the case admitted of. Upon the merits, the first and fourth grounds of defence are entirely unsupported by evidence; and the third, is shown to be unfounded, by the certificate of the recorder of mortgages. In relation to the second ground, if the plaintiff occasioned unnecessary delays and failed or refused for a great length of time to comply with his obligations, the defendants have not done that which on their part they were bound to do, in order to take advantage of that refusal or neglect; *Louisiana Code, article* 1907.

It appears to us the court erred in giving judgment against the defendants, jointly and severally, for the amount of the purchase money, in case they failed to comply with the conditions of the sale. The obligation was joint according to the auctioneer's certificate, and there is no evidence in the record to justify us in changing its nature.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be amended, so as to condemn the defendants to pay the plaintiff the sum of seven thousand dollars, jointly, instead of *in solido*, and otherwise affirmed: it is further decreed, that the defendants pay the costs of the District Court; those of the appeal to be borne by the appellee.

EASTERN DIST. *May*, 1839.

OXNARD vs. LOCKE ET AL.

An auctioneer's certificate is admissible in evidence, even when it shows the sale of certain property was ordered by a different person, than is alleged in the pleadings, when he is shown to have been the agent.

After the death of the auctioneer, parole proof is the best evidence of the correctness of the entries in his record book, and which the nature of the case admits.

In reciprocal contracts, he who desires to comply, when the other delays, must at the proper time offer to perform his part, to put the other in default.

Joint purchasers cannot be condemned *in solido* for the payment of the price.