## Parker et al., Executors, v. Moore et al.

Where a plaintiff sues in a representative capacity, such as that of a curator or executor, want of authority to maintain the action must be specially pleaded *in limine litis*, in order to put him on the proof of his capacity. A plea of prescription is an admission of plaintiff's capacity, which will preclude the defendant from afterwards contesting it.

Commercial partners being bound *in solido*, the acknowledgment of one interrupts prescription as to the other.

One who sues as executor, and who declares that he has no personal interest in the case, is competent as a witness.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *H. H. Strawbridge*, for the plaintiffs. *Grymes*, for the appellants. The judgment of the court was pronounced by

KING, J. The plaintiffs, styling themselves executors of *Eden Brashear*, deceased, instituted this action upon a promissory note executed by *Joseph H. Moore & Co.*, and endorsed by *Muir, Moore & Co.*, of both of which commercial firms the defendants were members. The note bears date the 3d of December, 1838, and fell due on the 1st of January, 1839. The defendants first filed an answer, in which they pleaded the extinction of the note by the prescription of five years. Nearly one year later their counsel filed an exception, which in the plea itself is termed a peremptory exception founded on law, to the right of the plaintiffs to maintain the action, on the ground they were not executors of *Brashear* in this State, no will having been probated or ordered to be executed in this State, and that they were not authorized within this State to recover debts or administer property of the deceased, and prayed that the action be dismissed. A judgment was rendered in favor of the plaintiffs, from which the defendants have appealed.

The second plea filed by the defendants cannot be regarded as a peremptory exception founded on law, which could be pleaded at any stage of the action. The issue which it presented was the capacity of the plaintiffs to maintain the action, and not whether a cause of action existed. The rule is well settled that when the plaintiff claims in a representative capacity created by law, such as curator or executor, the want of authority to maintain the action must be specially pleaded *in limine litis*, in order to put the party on the proof of his capacity. The answer of the defendants was an admission of the capacity of the plaintiffs, which precluded them from contesting it at any subsequent stage of the cause. 2 Mart. N. S. 389. 4 La. 328. 5 La. 405. The question whether the plaintiffs, under their authority as executors derived from the courts of Mississippi, can maintain this action, has been discussed at bar, but under this state of the pleadings is not properly before us for enquiry. The allegation in the petition is not that the plaintiffs are executors in the State of Mississippi, but merely that they are executors of the deceased. This must be understood as an avermont that they are such executors as are authorized to maintain the suit in this State. If their capacity had been seasonably put at issue, it would then have devolved upon them to show either that they were acting in virtue of an appointment by the courts of this State, or that they fell within some of the exceptions to the general rule that a foreign executor can only maintain actions in this State after obtaining new letters of administration.

PARKER
*v.*
MOORE.

Previous to the institution of this suit sufficient time had elapsed for prescription to accrue. To show an interruption, the plaintiffs rely, first, upon the acknowledgment of *Hooper*, one of the makers, contained in the schedule of his debts, presented when applying for the benefit of the bankrupt act in 1842, less than five years prior to the commencement of this suit; and secondly, upon the recognition of the debt by the defendant *Moore*, and his promise to pay it, made in 1844.

It is contended, on the part of the defendants, that the articles of the Code which provide that the acknowledgment of a debt by one of several co-debtors *in solido* interrupts prescription as to the others, apply only to such obligations as are recognized by positive legislation to be joint and several, and that as the solidary liability of commercial partners results from no express legislation the acknowledgment of one partner has not the effect of interrupting prescription as to the others.

We are aware of no statutory enactment of this State declaring commercial partners to be bound *in solido*, yet such has uniformly and repeatedly been held to be the character of their liability. The principle that solidarity takes place in commercial contracts without being stipulated, has been expressly recognized as an exception to the general rule that solidarity is not to be presumed. *Bennett* v. *Allison*, 2 La. 421. Pothier states the exception to be founded in the interests of commerce, to give additional credit to mercantile associations, and to rest upon the further principle that commercial partners are considered to be the agents of each other for the business of the partnership. Pothier, Contrat de Société, no. 96. The jurisprudence of this State upon this question had been well settled, previous to the adoption of the Code. The principle had been recognized as a part of the law governing such contracts, and was as obligatory as though it had had its origin in express legislation. That the compilers of the Code considered it to be an established rule, is to be inferred from the article which provides that ordinary parties are not bound *in solido*. Art. 2843. We find no provision of our law which authorises the conclusion that the articles which provide that the causes which interrupt prescription as to one interrupt it as to all the debtors *in solido*, are to be restricted to such solidary obligations only as are expressly treated of in the Code itself. The terms of the articles are general; they make no exception; and must be understood to relate to all obligors *in solido*.

II. The objection to the testimony of *Parker* is untenable, and his evidence removes all doubt from the question of prescription.

In the case of *De Kerlegand* v. *Robin*, we held that an administrator who had no personal interest in the cause was competent to testify. 1 An. R. 227. The rule applies equally to executors. The plaintiff *Parker*, who sues as executor in this action, declares expressly that he has no interest in the suit. His testimony was properly admitted, and establishes a distinct acknowledgment of the debt by the defendant *Moore*, and his promise to pay it made a short time previous to the institution of this suit.

*Judgment affirmed.*