LAND, J.
[2] This is a suit on a promissory note for $2,500, signed by Jos. Pellerin to his own order, and by him indorsed in blank, and also indorsed by Alex. Pellerin, Jules Rousseau, D. J. Gragnon, M. D., Ur-sin Broussard, D. Rees, Lee Angelle, Numa Patín, Aston Patin, and Albert Steen. On the face of the note, the signer and indorsers bound themselves in solido. Plaintiff sues as owner and holder for a valuable consideration and before maturity.
Jos. Pellerin and the indorsers defend on the ground that said note was executed without consideration and solely for the accommodation of the plaintiff.
On the same day a similar note for the same amount was executed by Jos. Pellerin, aud indorsed in blank by him and other parties. Both notes -were delivered and pledged to H. & C. NewmaD, Limited, by Jos. Pellerin, as collateral security for his indebtedness to said 'company. Suit was brought on the note first falling due, and judgment was rendered in. the district court in favor of the defendants.
Plaintiff appealed, and the judgment below was reversed, and judgment was rendered in favor of the plaintiff company against all the defendants in solido for the full amount of the note, with interest, attorney fees, and costs. See H. & O. Newman, Limited, v. Pellerin et al., 125 La. 67, 51 South. 70.
[1] In the case at bar judgment was rendered in the district court in favor of the defendants. Our learned Brother below states that the pleadings and issues are the same as in the former suit, and that the evidence is of the same character. The first suit had our best consideration, as shown by the opinion reported in 125 La. 67-86, 51 South. 70.
[3] As to statements made by Kling, agent for the plaintiff, before the notes were signed, there was but one additional witness, Mr. Rees, a defendant herein, who testified that Kling said to him in the presence of Alexander Pellerin:
“Mr. Rees, there is no danger about signing those notes, because it is only an accommodation paper you will sign, and it will help the firm.”
On the trial of the first suit, Alexander Pellerin testified that Mr. Kling had told one of the indorsers that he would never be called upon to pay the note, but did not give the name of the indorser. On the trial of the case at bar, Alexander Pellerin deposed that Kling stated to Rees that:
“They need not fear; that they would never call upon the indorsers to pay it, as they were amply secured on the account of Jos. Pellerin.”
The statements of the two witnesses do not agree as to the language purported to have been used by Kling on the occasion in question. Kling deposed that he made no such statements.
The entire defense rests on the establishment of the proposition that the Newmans were merely seeking accommodation paper indorsed by the friends of their debtor, to enable them to raise money on their own account. The evidence shows that the New-mans were seeking additional security from their debtor, who owed them a large amount at the time, and that .a few days after the notes were executed Pellerin pledged them to secure his indebtedness, present and future, to the Newmans. The evidence further shows that the Newmans were in good financial standing and credit, and were not only meeting, but anticipating, their commercial paper. Under all the circumstances of the case, it is extremely improbable that the Newmans *453 or their agent were endeavoring to obtain accommodation paper from their debtor.
Bees was vice president and Alexander Pellerin was cashier of the local bank, and were presumably acquainted with the character of the commercial paper they signed as indorsers. They knew that the note bound them, in solido with the maker and other indorsers, to pay the full amount called for by its terms, with interest and attorney fees. Yet, according to their version, they relied on the loose verbal statement of Kling that the Newmans would hold them harmless. It is more likely that they signed the note for the accommodation of Jos. Pellerin.
The additional evidence adduced in this case is not of sufficient weight to justify the reversal of our former conclusions on substantially the same state of facts.
It is therefore ordered that the judgment below be reversed, and it is now ordered that the plaintiff, H. & O. Newman, Limited, do have and recover judgment against Joseph Pellerin, Alex. Pellerin, J. Bousseau, D. J. Gragnon, M. D., Ursin Broussard, D. Bees, Lee Angelle, Numa Patin, the estate of Aston Patin, represented by Emile Broussard, as administratrix, and Albert Steen, in solido, the full sum of $2,500, with interest thereon at the rate of 8 per cent, per annum from November 18, 1907, until paid, plus 10 per cent, on the aggregate amount of said principal and interest, as attorney’s fees, and all costs of suit in both courts.