No. 3179

Second Circuit

BAUMAN v. CLINE

(July 1, 1929.   Opinion and Decree.)
(October 1, 1929.   Rehearing Refused.)

Edward Barnett, of Shreveport, attorney for plaintiff, appellant.

Bryan E. Bush, of Shreveport, attorney for defendant, appellee.

WEBB, J.   The plaintiff appeals from a judgment rendered on trial of an exception or motion to dissolve an attachment, in which the attachment was dissolved, with damages in favor of the defendant, and it is urged that, under the provisions of article 258, Code Prac., which provides that, "if the defendant (in attachment) * * * prove in a summary way, after having given due notice in writing to the adverse party, that the allegations on which the order for attachment had been obtained were false, such attachment shall be dissolved," the verity of the allegations upon which the attachment was issued cannot be placed at issue other than by a rule to show cause or by answer.

In this appellant apparently contends that, while the statute permits the question of the right of the plaintiff to the attachment to be determined prior to a trial on the merits (Allen, Nugent & Co. vs. Champlin, 32 La. Ann. 511), it does not permit the question to be determined on an exception or motion, where the allegations of the petition, if true, warrant the issuance of the attachment.

The statute does not provide for the manner in which the question, as to the right of the plaintiff to the attachment, may be raised, but, as stated, it clearly contemplates that the question may be raised prior to answer on the merits, and we do not think that, where the question is raised, whether by exception, motion, or rule to show cause, and plaintiff has notice, he can complain of the manner in which the question is raised.

In Read vs. Ware, 2 La. Ann. 498, where it was urged that the question could not be raised on motion or rule to show cause, it was held that the question could be raised in that manner, the court stating "the reasons for the application may be as distinctly stated in the grounds for this motion as in an exception or plea, and the difference in substance between the two modes of proceedings is not obvious;" and that "the rule in both cases is founded on the same motive—the propriety of giving summary relief in view of the severe character of the remedy, the operation of which might be ruinous to the defendant if he were compelled to wait the ordinary action of justice."

It is not suggested that plaintiff did not have notice, conceding that he would not be bound to take notice of the filing of the plea (see, Poutz vs. Reggio, 26 La. Ann. 306) nor is it suggested that plaintiff did not know of the date the plea was fixed for trial, or that he did not have an opportunity to present any evidence which he may have desired to present; and the evidence offered on the trial clearly showing that the allegations on which the attachment was issued were untrue, and that defendant had incurred expenses in the employment of an attorney to dissolve the writ to the extent of the damages allowed, the judgment is affirmed.