## No. 13,101

### Orleans

---

## TAYLOR v. LOEB ET AL.

---

(April 7, 1930. Opinion and Decree.)
(May 5, 1930. Rehearing Refused.)

---

A. Melville Wolfson and Robert Ewing, Jr., of New Orleans, attorneys for plaintiff, appellee.

Rosen, Kammer, Wolfe & Farrar and Louis L. Rosen, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. Plaintiff, a registered trained nurse, seeks to hold the two defendants, Harry B. Loeb and the estate of Ernest M. Loeb, solidarily liable for a balance claimed to be due her for board, lodging, and personal attention rendered to a sister of defendants. The record discloses the fact that the sister in question was mentally incapable of taking care of herself and that the two defendants called upon plaintiff, at her residence, and arranged with her for the furnishing of board and lodging and the rendering of such personal attention as might be necessary or requisite to the comfort of their sister. For some time the cost thereof seems to have been paid with reasonable regularity, but the balance now claimed has admittedly not been paid and this suit is the result.

The defense is that, when the two defendants called upon Miss Taylor, they at no time promised to be responsible for the payment of the bills, and in the alternative that, if there is any liability, it is joint and not solidary.

The trial court found that Miss Taylor was justified in believing that the two defendants intended to be responsible for the necessary expenses of their sister, and we believe that the evidence fully justifies this finding. It is true that there is a sharp dispute as to whether or not the defendants actually stated that they would pay the bills, but we have no difficulty in reaching a conclusion that, whether or not, in definite words, either one of them so agreed, the whole tenor of the conversation justified Miss Taylor in believing that that was their intention.

It cannot be said that, in thus undertaking to be responsible for their sister's expenses they were agreeing to pay the debt of a third person, for several reasons; primarily, because the debt had not yet accrued and because their conversation, made in advance of the accrual of the debt, constituted the debt their own obligation.

So far as the effect of the conversation is concerned, we are unable to find that there is anything in the record to justify us in disregarding the judgment of the trial court on a question of fact.

We are of the opinion, however, that the district court erred in holding the defendants solidarily liable. According to the testimony of Miss Taylor herself, there was no specific agreement which could be interpreted to amount to a stipulation for solidary liability. In the absence of such stipulation, no such liability can be written into their contract. In other words, solidary liability is not presumed. Article 2093, R. C.C., provides:

"An obligation in solido is not presumed; it must be expressly stipulated."

The conversation testified to by Miss Taylor amounts to no more than that the defendants, in effect, told her "we promise to pay the monthly bills." Such language has been many times held to create only joint liability. Mayor vs. Ripley, 5 La. 120, 25 Am. Dec. 175; Oxnard vs. Locke, 13 La. 447; Teutonia Bank vs. Wagner, 33 La. Ann. 732. It is true that plaintiff is not a business woman and unquestionably knew nothing about the difference between a joint and a solidary obligation and may have been fully warranted in believing that the two gentlemen with whom she was dealing would each be responsible for the whole debt, but, regardless of what the parties knew with reference to the law applicable to their transaction, the law must be written into their agreement; and, since that agreement did not expressly or by necessary implication contain a stipulation for solidary liability, we cannot presume that all of the parties understood it as Miss Taylor states she did.

The balance due is $628. Believing, as we do, that the obligation of the two brothers in question was joint and not solidary, the judgment must be reduced against the defendant, Harry B. Loeb, to one-half of $628.

We find no appeal on behalf of the estate of Ernest M. Loeb and, therefore, are not authorized to correct the judgment as to that estate.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, amended so as to reduce the

amount thereof as against Harry B. Loeb to the sum of three hundred fourteen dollars ($314.00), with legal interest from judicial demand, and, as thus amended, the judgment is affirmed.