(135 So. 371)

WATKINS v. HAYDEL et al.

No. 30186.

May 25, 1931.

Albert L. Grace, of Plaquemine, for appellant.

Warren V. Miller, of New Orleans, for appellee Keller.

ST. PAUL, J.

This is a suit on a note worded "we promise to pay," and signed by both defendants. The defendants therefore were bound thereon only jointly, and not jointly or severally or in solido. Mayor, etc., of New Orleans v. Ripley, 5 La. 120, 25 Am. Dec. 175; Barrow v. Norwood, 3 La. 437; Bennett v. Allison, 2 La. 419; Bank of Louisiana v. Sterling, 2 La. 60.

There was judgment upon the note against the defendant Fernand Haydel, and he has not appealed, so that there is nothing before us concerning his liability.

The other defendant, Dr. F. A. Keller, pleaded prescription; which plea was sustained by the lower court and the suit dismissed as to him.

From that judgment plaintiff appeals.

### I.

The note on its face is prescribed, and the only reliance of plaintiff to take it out of prescription is an acknowledgment thereof by Haydel within the prescriptive period. This acknowledgment is worded "we" acknowledge, but is signed only by Haydel, and the evidence shows that Haydel was not authorized in any way, or even intended, to act for Keller. And the law is well settled that "the acknowledgment of a debt by one joint debtor will not

interrupt prescription as to his co-debtor." Reynolds v. Rowley, 2 La. Ann. 890; Buard v. Lemee, 12 Rob. 243.

### II.

It is urged that the money loaned on this note was borrowed for the use of a planting partnership then existing between Haydel and Keller, and that therefore Haydel had authority to act for his partner as well as himself in acknowledging the note so as to take it out of prescription. But the evidence shows that the money loaned on this note was not borrowed by the partnership or used for partnership purposes; but, on the contrary, it was borrowed for the exclusive benefit of Haydel who used it to pay his portion of the price paid for the purchase of the plantation which the defendants bought in common.

We are therefore of opinion that the trial judge decided correctly.

#### Decree.

The judgment appealed from is therefore affirmed.