McBRIDE, Judge.
Plaintiff, who is the holder and owner for value of a promissory note for $1,000, dated September 12, 1955, payable 90 days after date to the “order of ourselves” with interest at 4 per cent per annum, and signed and indorsed by D. James Brusso, Bertram R. Schwartz, and Milton H. Cohen, brought this suit against said parties and also against the corporation known as Stella Homes, Inc., seeking to recover of them in solido the amount of said note; the cause of action stated against said corporation rests on the allegation that it assumed and agreed to pay the obligation of D. James Brusso on the note.
*30 All defendants filed answers; Brusso denies he owes anything on the note; he alleges his virile portion of the amount due thereon is now and always has been the obligation of Stella Homes, Inc.; that said ■corporation in consideration of his resignation as a member of its Board of Directors relieved him from any personal liability on the note, and then assuming the position of a plaintiff in third party proceedings, Brusso made Stella Homes, Inc., his defendant and prayed for judgment against said corporation in the event, and for such amount as, the court should find "him liable unto plaintiff.
The matter proceeded to trial with the result that there was judgment rendered against the three individual makers and in-dorsers thereof in solido for the amount ■of the note; plaintiff’s claim against the •corporation was dismissed; Brusso’s demand against the corporation as third party defendant was dismissed as of nonsuit. Brusso is the only party who appealed from the judgment
As we view the evidence, the note was given in consideration of a loan for $1,000 made by plaintiff, negotiated on behalf of the corporation by Cohen, its secretary-treasurer, who is one of the signers of said note; the proceeds of the loan were represented by plaintiff’s check for .$1,000, which was made payable to Cohen who in turn indorsed and deposited said ■check to the credit of Stella Homes, Inc., in its banking account. It abundantly appears that the three persons who appear .as makers and indorsers on the note were accommodation parties, they constituting the Board of Directors of the corporation, and all parties to the transaction were fully cognizant of the fact plaintiff was advancing the money for the corporation’s benefit.
During argument appellant Brusso took the position, first, that he is not liable to •any extent on the note; second, in no event can he be cast for more than one-third the .amount due, or as he termed it, his “virile” share; and, third, if there is to be judgment against him, he should have a like judgment against Stella Homes, Inc., as his third party defendant.
1. Appellant’s liability as maker and indorser is not affected by the fact he is an accommodation party, or that the holder of the note knew him to be such, or that he received no consideration; an accommodation party holds himself out to the world as absolutely bound to every person who shall take the instrument for value to the same extent as if that value were personally advanced to himself or at his request. LSA-R.S. 7:29; William D. Seymour & Co., Inc. v. Castell, 160 La. 371, 107 So. 143.
2. Appellant cites Watkins v. Haydel, 172 La. 826, 135 So. 371, as authority for his contention that there is no solidarity of liability as between the parties to the note and argues that, as in the cited case, the words “we promise to pay” contained in the note before us connote but a joint liability in them. Our answér is that the cited case has no application for the reason in the note involved therein a third person was named payee and the two defendants signed only as makers.
Not only is Brusso one of the makers in the instant case, but his signature also appears on the note as an indorser, and regardless of what his liability might be as maker, he carries the liability the law imposes on an indorser.
Appellant’s liability as maker and in-dorser is for the amount due on the note in solido with the other parties thereto. Under the Uniform Negotiable Instruments Law the indorser on an instrument engages that on due presentment it shall be accepted or paid, or both, as the case may be, according to its tenor, and that if it be dishonored and proceedings on dishonor, if necessary, be duly taken, he will pay the amount thereof to the holder. LSA-R.S. 7:66. Indorsers are jointly and severally liable in the absence of any showing *31 I of an agreement that they should not be so bound. 10 C.J.S. Bills and Notes § 39, p. 475.
In H. & C. Newman, Limited v. Pellerin, 128 La. 450, 54 So. 938, it was held by the Supreme Court that the maker and the indorser of a note are bound in solido for the full amount thereof.
The Court stated in Farmers’ & Merchants’ Bank v. Davies, 144 La. 532, 80 So. 713, 716:
“ * * * The obligation of each in-dorser was to pay the notes on proper notice, if they were dishonored at maturity, with the option in the payee to sue whomsoever he saw fit for the full amount, with the right to have them paid only once, * *
Even before the advent of the Negotiable Instrument Act, the jurisprudence of the Supreme Court was to the effect that under the law merchant, the maker and the indorser of a promissory note, though not technically debtors in solido, are yet liable each for the whole debt. Mack v. Fortier, 29 La.Ann. 63.
3. Subsequent to the loan transaction and the giving of the note, Brusso made an agreement with the other directors to sever his connection with the corporation, and in consideration of his doing so, the Board of Directors, on August 10, 1956, passed a resolution to the effect:
“ * * * that Mr. D. James Brusso be relieved of all liabilities in the future for any of the corporate debts which he may have signed for personally, and in turn the corporation will now assume his indebtedness and liability.”
It is not necessary that we decide whether by virtue of the above resolution of the Board of Directors Brusso has an action for indemnification and/or whether he as an accommodation party has a right of action against the corporation in consequence of an implied contract of indemnity, for the simple reason his right to indemnity has not accrued and it cannot accrue until he actually pays the amount of the judgment against him. The right does not arise on the occasion of judgment being rendered against him. See 11 C.J.S. Bills and Notes § 750, p. 316; Porter v. Sandidge, 32 La.Ann. 449; Todd v. Shouse, 14 La.Ann. 426; Read v. Ware, 2 La.Ann. 498; Groning v. Krumbhaar, 13 La. 402 (p. 255 reprint).
We think the judgment of nonsuit on Brusso’s claim against the corporation was proper.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.