ON MOTION TO DISMISS APPEAL AND ON MERITS
Before YARRUT, SAMUEL and JOHNSON, JJ.
SAMUEL, Judge.
This is a suit on a negotiable promissory note executed by the two defendants as makers. The petition prays for judgment against the defendants, in solido, in the full amount of the alleged balance due, together with a reasonable attorney’s fee and costs.
On the day the suit was filed one of the defendants, Louis Gureasko, paid one-half of the alleged balance; subsequently Gure-asko filed an answer to the petition admitting the allegations, alleging the payment of one-half of the balance due and praying that plaintiff’s suit be dismissed as to him. The other defendant, Martin Mayer, filed an answer to the petition in the form of a general denial and subsequently filed a supplemental answer and a third-party demand against Gureasko and National Home Developers, Inc. averring, in essence, the note in suit had been given in payment of an indebtedness due by National Home Developers, Inc. to the plaintiff for certain plumbing work done by the latter for that corporation and Mayer had executed the note as a result of certain misrepresentations made to him by Gureasko, a major stockholder of National Home Developers, Inc. In his answer Mayer prays for judgment dismissing plaintiff’s suit as to him; as third-party plaintiff he prays for judgment in his favor over against Gureasko and National Home Developers, Inc. in the *348 event of a judgment against him on the main demand.
The third-party demand was not heard because of an absence of timely citation and the case went to trial only on the main demand. After trial there was judgment in favor of plaintiff and against Mayer in the full amount of one-half of the balance due on the note together with $375, one-half of the attorney’s fee determined by the trial court, and against Gureasko in the amount of $375, his share of the attorney’s fee, with costs to be paid equally by the two defendants. Mayer has appealed. Plaintiff and Gureasko have not appealed nor has either answered the appeal taken by Mayer. However, in this court plaintiff has filed a motion to dismiss Mayer’s appeal.
The facts are not in dispute. Plaintiff performed plumbing work for National Home Developers, Inc. He was not paid for the work and threatened to file liens against the properties involved. Gureasko and Mayer were stockholders in National Home Developers, Inc. and at the request of one or both of them plaintiff agreed to accept their note in settlement of the debt owed him by the corporation. The note given and so accepted is the note in suit.
In pertinent part the note provides that on or before sixty days after date, “WE promise to pay to the order of T. E.' SWAN” $9,136.90 (the total amount of the corporation’s indebtedness to plaintiff). It also provides that in the event of nonpayment at maturity each maker and endorser agrees to pay all costs of collection, including a reasonable attorney’s fee. The note contains no mention of joint, several or in solido liability on the part of any of the parties to the instrument. It was signed by the two- defendants as makers. On the back of the note is a typed paragraph stating the note represents amounts claimed to be owed by National Home Developers, Inc. to plaintiff for plumbing work. The signatures of the two defendants also appear on the back of the note under that typed paragraph.
In this court appellant does not contend he is not liable on the note. He seeks only to have the judgment revised so as to award plaintiff a judgment in solido against both defendants for the balance due on the note after deducting the payment made by Gureasko on the date suit was filed and for the attorney’s fee as determined by the trial court. His only contentions are: (1) the defendants are liable in solido as co-makers; and (2) under LSA-C.C. Art. 2101, a creditor is not deemed to remit the debt in solido to the debtor from whom he has received a part of the total indebtedness unless the creditor gives a receipt specifying that it is for that debt- or’s part only.
Plaintiff makes the following argument in support of his motion to dismiss the appeal: The appeal is not based on any defense against the debt itself; appellant admits he is liable on the note to the full extent of the judgment rendered against him. The appeal is directed only against the trial court’s refusal to hold the defendants are solidarily liable. As there is no third-party demand involved in the appeal, and as the appellant can assert his rights against his co-defendant through a separate suit between those parties, plaintiff, who is the only party thus aggrieved by the judgment and who has chosen not to appeal, should not be subjected to an appeal the net effect of which could not change, modify or alter the judgment as between plaintiff and appellant.
We agree this argument does have some merit. However, as appeals are favored and as appellant may be aggrieved in some manner by the holding that defendants are joint rather than solidary obligors, even though as between plaintiff and appellant we see no such possible effect, we will deny the motion to dismiss and consider the contentions made by the appellant.
Imprimis, we note there is no need for us to decide the effect, if any, of the defendants’ signatures on the back of the *349 note; appellant makes no contention that the trial court erred in finding those signatures did not increase or change the liability of the defendants as co-makers.
We find appellant’s first contention, that the two defendants are liable in solido as co-makers, is without merit. In support of that contention he refers us to no jurisprudence; he cites only Civil Code Articles 2091, 2093, 2107 and 2905, which we find no necessity to discuss. For the jurisprudence of. the Supreme Court of Louisiana, both before and subsequent to the adoption of the Uniform Negotiable Instruments Law in this state by Act 64 of 1904 (LSA-R.S. 7:1 et seq.), which jurisprudence we are required to follow, is that, in the absence of a note provision to the contrary, where the note is worded “we promise to pay” co-makers are liable as such only jointly and not in solido. Watkins v. Haydel, 172 La. 826, 135 So. 371; Perez v. Leake, 169 La. 29, 124 So. 135; Barrow v. Norwood, 3 La. 437; Bennett v. Allison, 2 La. 419.
Nor do we agree with appellant’s second contention. The cited article, LSA-C.C. Art. 2101, is concerned with the effect of the receipt by the creditor of a payment by one of the debtors only when the debtors are bound in solido. Since the debt in the instant case was joint and not in solido, Article 2101 is inapplicable.
As the two defendants here are only jointly liable as co-makers, the judgment appealed from correctly discharged the defendant Gureasko from any liability for the principal amount of the note as a result of his payment of his proportionate share, which was an equal part or one-half. LSA-C.C. Arts. 2086 and 2087.
For the reasons assigned, the motion to dismiss the appeal is denied and the judgment appealed from is affirmed.
Motion denied.
Affirmed.