## No. 7040.

### H. J. MITCHELL, TUTRIX, vs. T. H. D'ARMOND.

Joint obligors may be sued separately, and judgment recovered against each of them for his proportion of the debt, without making his co-obligors parties to the suit.

Where the evidence shows that the two individual signers of a merely joint note were, at the date of the note, commercial partners, and that the consideration of the note was money borrowed for, and used by the partnership, each of the makers will be liable on the note *in solido.*

APPEAL from the Fifth Judicial District Court, parish of East Feliciana. *McVea*, J.

*W. F. Kernan* for plaintiff and appellee.

*D. C. Hardee* for defendant.

The opinion of the court was delivered by

MANNING, C. J. The defendant is sued on this obligation ;

" CLINTON, July 27. 1869

" Four years after date we promise to pay A. Mitchell, or order, the sum of four thousand dollars, in eight instalments, of five hundred dollars each, to be paid every six months, from January first, 1870, each instalment of five hundred dollars, bearing eight per cent interest after maturity till paid, for value received.

T. H. D'ARMOND,
C. R. CORNELIUS."

Mitchell vs. D'Armond.

The plaintiff is the representative of the deceased payee, and prays a judgment for the whole amount, having alleged and proved that the two makers were commercial partners at the date of the note, and that its consideration was money loaned to the partnership, and used for partnership purposes. When this testimony was offered, the defendant objected to its reception on the ground that, the trial could not proceed, and no evidence could be received until the other maker was made a party to the suit.

Prior to the act of December 30, 1870, it was well settled that all the parties to a joint obligation must be sued together. That statute enacted that hereafter in all suits against joint obligors, it shall be unnecessary to make all the obligors parties to the suit, but each of the joint obligors may be sued and judgment may be obtained against each of them separately for his proportion of the obligation, whether all are joined in the suit or not. Acts 1871 p. 18.

But the plaintiff has not treated it as a joint obligation. He alleges solidarity, by reason of the existence of a commercial partnership between the makers at and before the date of the note, and when he offered testimony to establish his allegations, objection was not made that the terms of the written contract could not be varied or altered by parol testimony, and he was permitted to prove by the defendant himself that he and his co-obligor were commercial partners, and the note was given for money, borrowed and used for and by the partnership. The style of the partnership is nowhere mentioned, and for aught that appears in the record, the style or partnership name might have been as the signature to the note reads.

The admission of this proof without other objection than that no proof at all could be received because of non-joinder, which was untenable under the law of 1870, perfects the plaintiff's case. It establishes the fact that the note, though in form joint, was solidary in reality, and necessarily so from the relations in which the parties stood to each other. Two persons, who are commercial partners, may execute an obligation in their individual names, and if it is joint in form, it may well be presumed that they did not intend to bind themselves otherwise, and this presumption would be strengthened very greatly if the firm had a name, and failed to use it in the signature. We are not left to presumptions in this case.

The judgment omits a credit which is set forth in the petition as a diminution pro tanto of the demand, and this will throw the costs of this court on the appellee. The judgment is carelessly drawn too, in reciting that interest shall run on each 'instalment' without saying what sum the instalment is, so that one must look outside of the judgment and

examine the note in order to ascertain what the total sum really is. We shall amend it. Therefore

It is ordered, adjudged, and decreed that the judgment of the lower court is amended, and that the plaintiff have and recover of the defendant, T. H. D'Armond, four thousand dollars with eight per centum per annum interest on each five hundred dollars thereof from the first days of January and July of each of the years, 1870, 1871, 1872, and 1873 respectively, subject to the credits of five hundred dollars of date July 1st. 1870 and six hundred and seventy dollars and eight cents of date August 28, 1871 and the costs of the lower court, and as thus amended that it be affirmed, the appellee paying the costs of appeal.