(84 South. 211)

No. 22522.

GREEN et al. v. STANDARD OIL CO. OF LOUISIANA.

(March 2, 1920. Rehearing Denied April 5, 1920.)

*(Syllabus by Editorial Staff.)*

1. MINES AND MINERALS ⊜══78(2) — LESSEE HELD IN DEFAULT FOR FAILURE TO DEVELOP LAND.

Where oil lease provided it should become void on lessee's failure to commence and prosecute with diligence drilling for oil or gas within a year, but that it should be in full force for 25 years from discovery of oil or gas and as much longer as gas or oil may be produced in paying quantities, lessee, by failure to drill more than one well, which produced so little oil that it would have been abandoned, if lessee had not been able, by reason of employés attending other wells in the vicinity, to attend to it at no appreciable expense, and by announcing its intention not to drill other wells, defaulted entitling lessors to annulment of lease; the main consideration of such lease being the development of the land for oil and gas.

2. CONTRACTS ⊜══253—INDIVISIBLE CONTRACT CANNOT BE ANNULLED, EXCEPT WITH CONSENT OF ALL CO-OBLIGEES.

One or more obligees of an indivisible contract cannot cause contract to be annulled against the wishes of one or more of their co-obligees; the consent of all being required.

3. MINES AND MINERALS ⊜══59—CONSENT OF ALL LESSORS NOT ESSENTIAL TO ANNULMENT OF OIL LEASE ON BREACH.

Where joint oil lease provided that lease should be annulled on lessee's nonperformance, the lease could be annulled upon lessee's default, notwithstanding objection of one lessor, since the provision for annulment in the lease was equivalent to consent, and could not be retracted, in view of Act No. 103 of 1870 (Acts 1871, p. 18).

Appeal from First Judicial District Court, Parish of Caddo; R. D. Webb, Judge.

Action by L. S. Green and others against the Standard Oil Company of Louisiana. Judgment for plaintiffs, and defendant appeals. Affirmed.

J. C. Pugh & Son, of Shreveport, for appellant.

Alexander & Alexander and Wilkinson, Lewis & Wilkinson, all of Shreveport, for appellees.

PROVOSTY, J. This suit is for the annulment of a gas and oil lease. The clauses of the lease needing to be quoted read:

"To have and to hold the above-described premises unto the said party of the second part, its successors and assigns, on the following conditions: In case operations for the drilling of a well for oil or gas are not commenced and prosecuted with due diligence within one year from this date, then this grant shall immediately become null and void as to both parties.

"In case the party of the second part shall bore and discover oil or gas, then in that event this grant, incumbrance, or conveyance shall be in full force and effect for 25 years from the time of the discovery of said product, and as much longer as oil or gas may be produced in paying quantities, to prosecute diligently the work of production of oil or gas and deliver the one-eighth of the oil as above provided and the payment of the two hundred ($200.00) dol-

lars per annum for gas (if a gas well) as above provided.

"Second party agrees to commence within 90 days from the date of this contract, and prosecute with due diligence, the drilling of a well for oil or gas in section 5, township 19, range 16, or forfeit and surrender this contract."

The complaint is that the defendant company has failed "to prosecute diligently the work of production of oil."

[1] We do not see the necessity of going into an extensive discussion of the case, since the defendant company has manifestly defaulted on its contract, and plaintiffs are clearly entitled to its annulment.

A well was drilled upon the land, by the defendant company, but it produced so little oil that it would have been abandoned, if the defendant company had not been in a position to have it attended to at no appreciable expense by the employés who attended to the other wells in the vicinity.

This well was completed in 1913. Since then the defendant company has done nothing in the way of development, although duly put in default. In the meantime, the oil under plaintiff's land is being drained by the wells in the vicinity, for all that is known.

The contention of the defendant company, as we understand it, is that after one well had been drilled the lease was to continue in force for 25 years, "and as much longer as oil or gas may be produced in paying quantities," and that one well was drilled, and oil is being produced in paying quantities, since defendant company is getting some little of it from said well at practically no expense to itself and therefore in paying quantities. The answer alleges that—

"said well is of little or no value, either to the plaintiff or to the respondent, and that additional wells could not be drilled without entailing great financial loss on this respondent."

The main consideration of such a lease is the development of the land for oil and gas; the lessee must either develop with reasonable diligence, or else give up the lease. The defendant company having announced the intention not to develop, the lease must be annulled.

The lease is by 15 lessors, and the land is subdivided into acre lots; but all the lessors joined in leasing all the lots in globo, as if all the lots had been owned in indivision by all the lessors, and none of them in severalty by any of them. All the lessors have joined in the suit, except one. That one has been made a party defendant, and has joined the defendant company in a plea of no cause of action, founded on the contention that the contract, being indivisible, can be annulled only in whole, not in part, and that it could be annulled in whole only if all the lessors joined in the suit.

[2, 3] By Act 103 of 1870, published at page 18 of the Acts of 1871, joint obligors may be sued separately for their several shares of the joint obligation; and in Hincks v. Converse, 38 La. Ann. 871, this court held that one or more joint obligees may sue separately to enforce their separate interest in the joint obligation. But the matter here is not one of form, or of procedure. It lies deeper than that. It is as to whether one or more obligees of an indivisible contract can cause it to be annulled against the wishes of one or more of their co-obligees. The consent of all was required for making the contract; is not the consent of all required for its annulment? We think it is; but we think that such consent was given at the time the contract was entered into. The agreement then was that, unless the contract was carried out by the obligor, it should be annulled. This condition of the contract having to be annulled, if not carried out by the obligor, was expressed only as between the obligees and the obligor; but it, none the less, formed part of the agreement among the obligees themselves—by necessary

implication. The consent thus given could not be retracted when the time came for giving it effect.

The trial court annulled the lease.

Judgment affirmed.