(124 So. 135)

No. 29664.

**PEREZ v. LEAKE et al.**

July 8, 1929.   Rehearing Denied Oct. 8, 1929.

Dart & Dart and H. Grady Price, all of New Orleans, for appellant.

John R. Perez, Henry G. McMahon, St. John Perret, and John H. Holmes, all of New Orleans, for appellee.

ROGERS, J. This is a suit by John R. Perez, as lessor, against Mrs. W. A. Leake and Miss Annye Stringer, as lessees, for the balance of rent due under the lease contract. Miss Stringer called in warranty Mrs. Leake and Mrs. Marie S. Bussey under a separate contract between them. Mrs. Bussey, in turn, called in warranty Mrs. Leake under a separate contract between them. The court below rendered judgment in favor of the plaintiff as prayed for against the defendants, Mrs. Leake and Miss Stringer; in favor of Miss Stringer, on her call in warranty, against Mrs. Leake and Mrs. Bussey; and in favor of Mrs. Bussey, on her call in warranty, against Mrs. Leake. From this judgment, Mrs. Bussey alone has appealed.

The lease sued on was for a term of 21 months, beginning January 1, 1927, and ending September 30, 1928, at a monthly rental of $175, evidenced by the notes of the lessees. Shortly after the execution of the instrument, Miss Stringer and Mrs. Leake, the lessees, established in the leased premises a commercial business under the name of the "Peacock Tea Room and Gift Shop." In the first month of the active operation of the business, to wit, on January 19, 1927, Miss Stringer withdrew from the partnership and was succeeded therein by Mrs. Marie S. Bussey. The agreement by which this change in the partnership affairs was effected is in writing signed by the three parties in interest, viz.: Mrs. Bussey, Mrs. Leake, and Miss Stringer. The following month, namely, on February 22, 1927, Mrs. Bussey assigned in writing her interest in the partnership to Mrs. Leake, who assumed its debts and obligations. The rent notes maturing January 31, 1927, and February 28, 1927,

were paid at maturity; but the notes maturing March 31 and April 30, 1927, were not paid on their respective due dates. Under the terms of the lease the failure to pay these notes matured the remaining seventeen notes, and this suit was brought against the lessees individually and in solido to recover the amount of the nineteen notes thus becoming due and exigible, together with interest and attorney's fees.

The primary defense of the appellant Mrs. Bussey is that she is not obligated under her agreement with Miss Stringer because the latter subsequently released her from her contractual obligations. This defense involves purely a question of fact which the judge below resolved against appellant. The evidence in the record appears to us to fully sustain his conclusion.

The secondary defense of Mrs. Bussey is that under the lease and notes sued on, the lessees are bound jointly and not severally, and that by the terms of her agreement with Miss Stringer she expressly limited her liability to one-half of the rent stipulated in the lease.

The defense was held to be untenable by the court below on the ground, substantially, that the original lessees had dealt with the plaintiff as commercial partners and were therefore bound as such in solido for the full amount of the unpaid rent notes; and that as between Mrs. Bussey and Miss Stringer the purport of their agreement was that Mrs. Bussey should be substituted for Miss Stringer, who would thereafter be free of all partnership liabilities; and, particularly, that Mrs. Bussey and Mrs. Leake should be bound for the obligations of the lease which they agreed would be discharged by them together.

Our study of the case has caused us to reach a different conclusion from the one reached and expressed by the court below

on this phase of the controversy between the parties litigant.

The best evidence of the dealings had between the plaintiff as the lessor and the defendants as lessees is the lease and notes themselves. A reference to these documents plainly shows that they evidence a joint and not a several obligation on the part of the lessees. The lease is to Miss Annye Stringer and Mrs. W. A. Leake individually and not to the partnership, and the rent notes are drawn as the joint and not the several obligations of their makers.

The rent notes are drawn by the makers to their own order and are by themselves indorsed. Plaintiff argues that under section 68 of Act 64 of 1904 (the Negotiable Instrument Law) defendants by indorsing the notes became solidarily liable to him as their holder. The statutory provision on which plaintiff relies reads as follows, viz.: "Joint payees or joint endorsees who indorse are deemed to indorse jointly and severally." The argument cannot prevail. There is another provision of the same statute, section 184, which declares that, "Where a note is drawn to the maker's own order, it is not complete until indorsed by him." This statutory provision is merely a restatement of the general principle governing negotiable instruments, that a promissory note made payable by a person to himself is inoperative until it is negotiated by indorsement and delivery. See 3 R. C. L. § 367, pp. 1151, 1152. When this is done, the note becomes, in legal effect, payable to the holder or bearer; but the maker does not thereby become an indorser in the legal sense of the term, nor contract any liability but that of a maker. Ewan v. Brooks-Waterfield Co., 55 Ohio St. 596, 45 N. E. 1094, 35 L. R. A. 786, 60 Am. St. Rep. 719; Pickering v. Cording, 92 Ind. 306, 47 Am. Rep. 145.

An obligation in solido is not presumed and must be expressly stipulated, except in those cases in which such an obligation takes place of right by virtue of some provision of the law. Civ. Code, art. 2093. One of the exceptions is the case of commercial partners who are solidarily bound for the debts of the partnership. Civ. Code, art. 2872. But we know of no provision of law, and have been referred to none, that prohibits commercial partners from obligating themselves to a willing obligee jointly and not severally.

In the case under consideration, the contract of lease was entered into between the lessor and the lessees individually, and the latter obligated themselves jointly and not severally for the payment of the rent of the leased premises. The fact that the lessees chose to use the premises which they had leased as individuals for the purpose of conducting their partnership business was no concern of their lessor. He had, in writing, agreed to look to them individually and not to the partnership of which they were the members for the fulfillment of the obligations of the written contract. To hold otherwise, we would be compelled to wholly ignore the terms of that contract. We are unable to do this. As the parties to the contract saw fit to bind themselves, so must they be held bound.

Our conclusion is that Miss Stringer as a joint obligor is liable to plaintiff for one-half only of the amount herein sued for by the plaintiff. Mrs. Bussey, the appellant, under her contract with Miss Stringer assumed no greater liability than this, and neither under that contract nor under the law are we authorized to impose any greater liability upon her.

Plaintiff claimed, and the court below allowed, 8 per cent. per annum interest on the notes from their maturity. This was error. The lease in describing the notes recites,

among other things, that they bear "interest at the rate of eight per cent per annum from maturity until paid"; but the notes themselves do not provide for any interest whatever. The maximum rate of 8 per cent. for conventional interest must be stipulated in writing, otherwise it cannot be recovered. Civ. Code, art. 2924. Hence, all that the plaintiff is entitled to recover in the way of interest is 5 per cent. the legal rate, on such sum, as he may be awarded under his judicial demand.

For the reasons assigned, the judgment appealed from is amended so as to reduce the amount awarded Miss Annye Stringer, on her call in warranty, against Mrs. Marie S. Bussey from $3,325, with 8 per cent. per annum interest thereon from March 31, 1927, until paid, and 10 per cent. attorney's fees on the principal and interest due to the sum of $1,662.50, with 5 per cent. per annum interest thereon from March 31, 1927, until paid, together with 10 per cent. as attorney's fees on the principal and interest due; the said judgment in all other respects to remain in full force and effect. The costs of this appeal to be paid by Miss Annye Stringer, appellee.