**INDUSTRIAL LOAN CO. OF MONROE,
Inc., v. NOE.**

No. 5628.

Court of Appeal of Louisiana. Second
Circuit.

June 1, 1938.

Rehearing Denied June 30, 1938.

Writ of Certiorari and Review Denied
Aug. 5, 1938.

———◆———

Dhu Thompson, of Monroe, for appellant.

C. T. Munholland, of Monroe, for appellee.

DREW, Judge.

Plaintiff instituted this suit on a promissory note. seeking to recover from defendant the sum of $275 with three and one-half per cent per month interest thereon from January 8, 1932 until paid, and ten per cent as attorney's fees, less a credit of $32.11 paid July 31, 1933.

It alleged it was the owner and holder of a promissory note made and signed by the defendant, James A. Noe, and John B. Bailey, dated November 2, 1931, whereby they bound themselves in solido to petitioner for the amount of $300 with interest at the rate of three and one-half per cent per month, and ten per cent as attorney's fees. It further alleged that the note had been reduced to $275 by payment, and the interest paid until January 8, 1932; that on August 3, 1932, it filed suit against one of the makers, John B. Bailey, reserving its rights against the present defendant; that judgment was rendered against Bailey by default January 30, 1933; that a fieri facias issued on said judgment and the property pledged to secure the deed was seized and sold and from said sale plaintiff received the sum of $32.11, of which the note is entitled to be credited as of date July 31, 1933. It further alleged it was a corporation organized under the laws of Louisiana and duly authorized to do business under the provisions of Act No. 7 of the Extra Session of 1928, known as the Small Loan Act. It alleged its right to proceed against defendant as an insolido obligor and prayed for judgment accordingly.

Defendant filed an exception of nonjoinder, contending that the other maker, John B. Bailey, was a necessary party to the suit. He then filed a plea of prescription of five years. Then he filed an exception of no cause and no right of action. He alleged in the exception the following reasons why it should be sustained:

"1. That the document which is the foundation of plaintiff's petition reflects that your appearer and John B. Bailey are joint obligors and not solidarily liable and that plaintiff has heretofore filed suit and taken judgment against said John B. Bailey for the full amount of said debt and that your appearer is relieved of all liability under said obligation; that as joint obligor your petitioner cannot be sued separately as attempted by plaintiff.

"2. That plaintiff did not at the time the obligation was executed comply with the provisions of Act No. 7 of the General Assembly of Louisiana of the Extra Session for the year 1928 as amended particularly in the following respects:

"a. That no statement was furnished to your respondent or John B. Bailey showing the clear and distinct terms of the amount and date of the loan and of its maturity, the nature of the security for the loan and the rate of interest charged and for failure to furnish a plain and complete receipt for all payments made on account of said loan at the time said payments were made.

"b. That said instrument attempts to name an agent for confession of judgment by your respondent and attempts to confess judgment by its terms contrary to said Act and to the laws of the State of Louisiana."

Plaintiff then came into court and filed a plea of estoppel to the right of defendant to urge his exception of no cause or right of action and plea of prescription, rather an anomalous proceeding, to our minds. In said plea of estoppel it set out the following:

"Now into court comes the plaintiff, Industrial Loan of Monroe, Louisiana, Incorporated, appearing herein solely for the purpose of this plea and hereby pleads estoppel against the defendant, James A. Noe, as to his plea of prescription and also as to the exception of no right of action on the following facts:

"1. The original loan made herein was made to John B. Bailey at the request of the defendant, James A. Noe, who signed the note with the said John B. Bailey as an accommodation maker and to guarantee the payment of the amount of the loan made by the plaintiff herein and at which time the said James A. Noe was fully informed and had knowledge that the loan would not be made unless he became a guarantor or surety to the plaintiff for the full and final payment of said indebtedness and upon which conditions and under which circumstances said loan was made and paid over to the said John B. Bailey and the note on which this suit is based was signed with such understanding and agreement.

"2. On December 3, 1931, your petitioner telephoned the said James A. Noe about the payment of said note and he promised to make payment by December 4, 1931.

"3. On December 5, Mr. Noe promised plaintiff that the note would be paid right away.

"4. On December 8, 1931, the said James A. Noe again promised to see that the note was paid at that date.

"5. On December 12, 1931, the defendant, James A. Noe, promised to see that the note was attended to by 12 o'clock of that date.

"6. On January 5, the defendant, James A. Noe by telephone promised plaintiff to see that Bailey was in plaintiff's office that afternoon, in response to a letter addressed to the said John B. Bailey and a carbon copy of which was mailed to James A. Noe.

"7. On January 7, 1932 James A. Noe by telephone notified plaintiff that Bailey had promised to pay that day without fail and that if he, Bailey, did not pay he, James A. Noe would pay.

"8. On or about March 25, 1932 plaintiff wrote a letter to John B. Bailey and the defendant, James A. Noe, advising them that payment must be made by April 1st and on April 2, defendant, James A. Noe, by telephone advised plaintiff that payment would be paid by Tuesday April 5, otherwise suggested that suit be filed.

"9. In addition to the foregoing promises made by the defendant, James A. Noe to pay and/or see that payment of said note was made at various times, all of which he failed and neglected to do, the said James A. Noe, requested plaintiff herein to file suit against the said John B. Bailey, who got the money, for which the note was given and which note was signed as accommodation maker and surety by the said James A. Noe as hereinabove alleged, and that plaintiff's rights against said James A. Noe be reserved and at which time he promised to make payment of said note in full upon the rendition of a judgment against the said Bailey and in accordance with said request of James A. Noe plaintiff caused suit to be filed by its attorney against John B. Bailey and its rights reserved against the said James A. Noe and on November 15th, 1932 plaintiff advised the defendant, James A. Noe by letter of the rendition of the judgment against the said John B. Bailey and requested him to arrange to make payment of the amount due in accordance with his promise by December 8th, but, notwithstanding such promises as hereinabove alleged by the said James A. Noe and notwithstanding he requested the filing of the suit against the said John B. Bailey with the reservation of plaintiff's rights against the said Noe, and notwithstanding judgment was secured as requested by him and on his promise to make payment when judgment was rendered he neglected and refused to make settlement and payment as promised.

"10. Subsequent to the rendition of the judgment against John B. Bailey as hereinabove alleged the defendant, James A. Noe requested your petitioner to have the judgment executed and sell the collateral and promised that he would then make payment of any balance due of said indebtedness and in accordance with his request your plaintiff caused execution to issue and the collateral to be seized and sold, after which it notified the said James A. Noe, of its action and requested that he make payment of the balance as promised but notwithstanding such promises and request he failed and neglected to make payment of the balance due on said note.

"11. By the aforesaid promises as well as other promises made from time to time and by the aforesaid requests for action and other acts of said James A. Noe, he has repeatedly recognized his obligation as a guarantor or surety for the full amount due on said indebtedness and has repeatedly promised to make payment and to see that payment was made and repeatedly acknowledged and recognized his obligation for the payment of the indebtedness sued for in this suit and he is now estopped to plead no cause or right of action or to plead prescription or other defenses which he might seek to plead herein and he is also estopped from pleading non-joinder of parties after having requested the plaintiff herein to file suit and secure judgment against the said John B. Bailey with reservation of its rights against him as hereinabove alleged and which estoppel is hereby especially pleaded against the exceptions and pleas herein filed, as well as any other defenses which the defendant, James A. Noe, might or attempt to make herein."

Defendant filed a motion to strike from the record the plea of estoppel for the following reasons:

"a. That said plea was filed after an exception of no cause of action filed by your respondent and comes too late.

"b. That by said plea plaintiff attempts to vary and enlarge its petition.

"c. That the allegations therein are contrary and repugnant to the allegations of plaintiff's petition.

"d. That by said plea plaintiff attempts to vary and contradict the terms of a written instrument by parol evidence.

"e. That the allegations of said plea disclose no cause of action.

"f. That the purported effect of said plea is in the nature of an amended cause of action and that the manner of presenting same and the form thereof are without foundation under the law and jurisprudence of this State."

Defendant answered, setting up the following defenses:

"Into court now comes James A. Noe, defendant in the above styled cause insisting on the pleas and exceptions heretofore filed and without prejudice thereto for answer to the demands of plaintiff's petition denies all and singly the allegations therein contained and will require strict legal proof except as to such as may be hereinafter specially admitted.

"1. Specially answering the allegations of paragraph one, your respondent admits that he is a resident of the Parish of Ouachita, Louisiana but specially denies all of the other allegations of said paragraph.

"2. Specially answering the allegations of paragraph two, your respondent admits that under date of November 2nd, 1931 he signed with John B. Bailey the instrument in writing which is attached to suit No. 21317 on the docket of this court and styled Industrial Loan Co. of Monroe, Inc. vs. John B. Bailey, but specially denies that said instrument is a promissory note and specially denies that he is solidarily bound with John B. Bailey thereon.

"3. Specially answering the allegations of paragraph three, your respondent represents that at no time did he make payments on said obligation or authorize payment to be made for him and reiterates his plea of prescription heretofore filed and represents that he is neither called upon to admit or deny the remaining allegations of said paragraph, but denies that plaintiff has a cause or right of action against your respondent as alleged.

"4. Specially answering the allegations of paragraph four your respondent shows that by virtue of the suit plaintiff alleges it filed against John B. Bailey, that plaintiff without notice to your respondent and without informing him that they intended to so do the following promissory notes were in said cause seized and sold, namely:

"Note signed by H. R. Collins, September 16th, due 90 days, $100.00; Note signed by John B. Bailey, August 6th, due 90 days, $100.00; Note signed by J. S. Garelick, August 8th, due four months, $100.00; Note signed by Joe Renwick, Jr., September 11th, due 90 days, $200.00, which said notes according to the suit hereinabove referred to were pledged to secure the purported debt of petitioner and that said notes were of the aggregate value of $500.00 and should have been far in excess of plaintiff's debt; that while your respondent admits signing the instrument sued upon with John B. Bailey, that the collateral furnished to secure said obligation was more than sufficient to discharge same and your respondent at no time intended to become solidarily liable with the said John B. Bailey on said obligation and at the most intended to be obligated for not exceeding one-half of said obligation provided the collateral securing same was not sufficient to discharge said debt; that respondent repeatedly requested plaintiff to collect said collateral notes and from the conduct of plaintiff, relied on by respondent, was led to believe that such collection would be made by plaintiff; that without knowledge, consent, authority or acquiescence of your respondent plaintiff filed suit against John B. Bailey and sold the collateral security for said obligation and bought same in at Sheriff's sale without notice to your petitioner; that by its conduct and laches plaintiff is estopped from asserting any rights whatsoever against your respondent, who, if informed of the design and intention of plaintiff would have taken steps necessary to cause the makers of the collateral obligations pay same and thereby discharge plaintiff's debt in full; that sufficient collateral notes were held by plaintiff with good and solvent makers to discharge said obligation in full; your respondent pleads that plaintiff by its conduct, delay and laches is now estopped from asserting rights against him; your respondent further represents that at the time the obligations sued on was made that no statement of whatever nature of said loan was given to your respondent and no state-

ment was given to the said John B. Bailey, according to the information and belief of your respondent, wherein the terms, amount and date of said loan and of its maturity and nature of the security and the rate of interest were stated, all as is required by Section 14 of Act No. 7 of the Extra Session of the General Assembly of the State of Louisiana for the year 1928; that although plaintiff alleges that payments have been made upon said indebtedness no receipt for payments made thereon has been furnished your respondent other than after this suit was filed. Your respondent further represents that the rate of interest contended for by plaintiff is usurious, exorbitant and unconscionable; that the act under which petitioner proceeds does not provide for the payment of attorney's fees and that plaintiff's petition insofar as said attorney's fees are prayed for should be stricken; that in addition thereto said note provides an agent for confession of judgment and confession of judgment and is contrary to said Act No. 7 for the year 1928 and for said reason is null and void."

A supplemental petition was then filed by plaintiff setting out the following:

"That the money represented by the indebtedness herein sued on was paid to John B. Bailey at the request of the defendant, James A. Noe, who signed said note as one of said makers to guarantee the payment of said note for the accommodation of the said John Bailey.

"The said James A. Noe was informed prior to his signing of said note that your plaintiff would look to him to see that the indebtedness represented by said loan because of his guarantee and signature and the loan was made upon his guarantee and assurance made to your plaintiff at the time.

"It was the intention and purpose of all parties to said document and distinctly understood by and between your petitioner and the said James A. Noe, that he was becoming responsible for the full amount of said indebtedness as an insolido obligor.

"Petitioner adopts the allegations of the original petition as supplemented hereby."

To said amended petition defendant filed a motion to strike for the following reasons:

"a. That same comes too late and after answer filed by your defendant and changes the issues of this cause.

"b. That same conflicts with and is repugnant to the allegations of plaintiff's original petition.

"c. That same attempts to vary and change the terms of the instrument sued on by plaintiff and in addition attempts to plead parol evidence to vary and change the terms and conditions of a written instrument sued upon and that same should be stricken from the record."

Defendant filed answer to the supplemental petition denying each and every allegation made therein. He then filed answer to the plea of estoppel denying in toto the allegations made therein.

The lower court overruled the exception of no cause and no right of action and the exception of non-joinder. All other exceptions and pleas were referred to the merits.

After trial was had below the lower court rendered a judgment in which it overruled all the exceptions and pleas which had been referred to the merits and awarded judgment for plaintiff in the principal sum prayed for, with legal interest thereon from November 15, 1932, until paid, together with ten per cent on the amount of principal and interest as attorney's fees.

Plaintiff appealed devolutively from the judgment and defendant appealed suspensively. Both appeals were perfected. Plaintiff appealed from the judgment because it was only awarded legal interest and not interest at the rate of three and one-half per cent per month. Defendant complained that the entire judgment is erroneous.

■ Plaintiff instituted this suit against defendant alleging that he was bound in solido with his co-maker, John B. Bailey, whom it had previously sued and secured a judgment against by default. The exception of non-joinder filed by the defendant to the petition was properly overruled. Even though we should find the obligation a joint one and not one in solido, nevertheless, under Act No. 103 of 1870, Ex.Sess., published at page 18 of the Acts of 1871, joint obligors may be sued separately for their several shares of the joint obligation. Green v. Standard Oil Co. of La., 146 La. 935, 84 So. 211; Mitchell v. D'Armond, 30 La.Ann. 396.

■ The plea of prescription of five years was properly overruled. This suit was filed within five years dating from the maturity of the note.

■ The exception of no cause or right of action was also properly overruled. The first reason set forth in said exception

is that judgment had been taken against John B. Bailey for the full amount, therefore defendant was released. The fact that Bailey allowed such a judgment to be taken against him by default does not relieve defendant from his obligation unless it be shown that the full amount owing to plaintiff had been paid. The petition discloses that under execution only $32.11 had been collected on said judgment. The three remaining reasons urged do not strike the obligation with nullity. They relate only to the right of plaintiff to collect the three and one-half per cent per month interest.

■■ The motion to strike the plea of estoppel should have been sustained for the reason it is an attempt to vary, change and contradict the allegations of the petition, which cannot be done by a plea of estoppel; and furthermore, we know of no law by which defendant could be estopped from urging an exception of no cause or right of action to plaintiff's petition or of urging his plea of five years' prescription.

■ The supplemental petition should not have been allowed and should have been stricken for the reason it was filed after issue was joined and, if allowed, would change the allegations of the original petition and set up a cause of action entirely different from that set out in the original petition. Code of Practice, article 419. Defendant was sued originally as a maker of the note. The amended petition attempts to make him a surety or guarantor.

Our finding on the exception and pleas reduces the issues to those raised in the original petition and the answer of defendant. On the trial of the case the note was offered in evidence, and the oral testimony offered consisted of that of Mr. Braswell, the president of plaintiff corporation, and Mr. Dhu Thompson, its attorney, who testified to a letter he had written to defendant of date October 22, 1936, which is as follows:

"The Industrial Loan Company of Monroe, Inc., had me to secure a judgment against John B. Bailey in January 1933 in which suit their rights against you as a co-maker of the note was reserved.

"They have now instructed me to advise you that unless this matter is adjusted within ten days that I shall proceed against you for judgment on the note also.

"They advise me that this judgment was secured with rights reserved against you with an understanding on their part that it would be taken up when the judgment was rendered and became final."

It is to be noted that in this letter Mr. Thompson refers to defendant as a co-maker of the note.

For the defense John B. Bailey and the defendant testified. In rebuttal Miss Olive Terry, the secretary-treasurer of plaintiff corporation, testified. The testimony offered by plaintiff and that offered by defendant was directly in conflict one with the other on every point. It would be a futile thing to do to attempt to review here the conflicting testimony. It is certainly insufficient to satisfactorily determine whether the defendant intended to bind himself in solido on the note with Bailey or not. We will therefore be forced to decide the extent of liability of defendant from an examination of the note itself. It is as follows:

"The undersigned promise to pay to Industrial Loan Company, Inc., the sum of Three Hundred and no/100 Dollars in installments as follows, to-wit: $75.00 together with interest on the principal sum of this note at the rate of 3½ per cent per month on the 2nd day of November, 1931, and the same sum together with interest at the same rate on the unpaid balance of said principal sum, on the 2nd day of each consecutive month thereafter, until the full amount of this note, with interest at said rate on all unpaid balances thereof is paid.

"Default in the payment of any installment of the principal or interest hereof, or of any part of either, shall, at the option of the holder hereof and without notice render the then unpaid balance of the principal hereof and accrued interest thereon, at once due and payable.

"Extension of the time of payment of all or any part of the amount owing hereon at any time, or times, shall not affect the liability of any party hereto.

"To secure payment of said principal and interest, the undersigned irrevocably authorizes any attorney of any court of record to appear for the undersigned therein in term or vacation, at any time after default in the payment of this note or the interest thereon, or any part of either thereof, and confess a judgment in favor of the holder of this note for such amount as may appear unpaid thereon; to waive and release all errors which may intervene in such proceedings and to consent to an im-

mediate execution upon such judgment, hereby ratifying every act hereunder of said attorney.

"In case suit be brought hereon an attorney's fee equal to 10 per cent of the amount found to be due hereon shall be added to and made a part of any judgment or decree entered in favor of the plaintiff in such suit but no attorney's fees shall be allowed in case of confession of judgment.

"The payee herein named is licensed by the State to make loans in sum of $300.00 or less at rates of interest not exceeding 3½ per cent per month."

■ The note contains other clauses not necessary to relate as they can have no bearing on the determination of this case. It is signed at the right hand bottom corner by John B. Bailey and James A. Noe. There is no stipulation in the note suggesting a solidary obligation, and an obligation in solido is not presumed. It must be expressly stipulated and this rule ceases to prevail only in cases where an obligation in solido takes place of right by virtue of some provision of the law. Revised Civil Code, article 2093; Perez v. Leake, 169 La. 29, 124 So. 135; Moore v. Doughtie, 14 La.App. 407, 126 So. 235.

■ We therefore conclude that defendant is liable as a joint obligor and owes one-half the principal amount of said note.

■ The remaining question is that of rate of interest due. Section 14 and the first sentence in Section 15 of Act No. 7 of the Extra Session of 1928, are as follows:

"Section 14. Every licensee shall:

"Deliver to the borrower at the time a loan is made a statement in the English language showing in clear and distinct terms the amount and date of loan and of its maturity, the nature of the security, if any, for the loan, the name and address of the borrower and of the licensee, and the rate of interest charged. Upon such statement there shall be printed in English a copy of Section 13 of this Act;

"Give to the borrower a plain and complete receipt for all payments made on account of any such loan at the time such payments are made;

"Permit payment of the loan in whole or in part prior to its maturity with interest on such payment to the date thereof;

"Upon repayment of the loan in full mark indelibly every paper signed by the borrower with the word 'paid' or 'cancelled' and release any mortgage, restore any pledge, cancel and return any note, cancel and return any assignment given by the borrower as security.

"Section 15. No licensee shall take any confession of judgment or any power of attorney."

It is our opinion that in order for a loan corporation to be empowered to collect the unconscionable rate of interest allowed by the act, it must strictly comply with it, and that failure to so do deprives it of any interest in excess of legal interest. In this case it is certain, and is admitted by the plaintiff's president, that not any of the acts required of it by the above quoted sections of the Act were complied with in so far as this defendant is concerned; and there is no positive evidence that it complied with the provisions in its dealings with the co-maker, Bailey. The president of plaintiff's corporation feels sure he did comply with it in dealing with Bailey for the reason it was his custom to do so. However, he gave no positive testimony on this issue. We conclude that the failure of plaintiff to comply with the "shall" provisions of Section 14 deprives it of the right to collect more than legal interest from defendant. Our finding on this issue makes it unnecessary to discuss the effect of the violation of Section 15 in regard to confession of judgment and power of attorney.

The judgment of the lower court therefore will necessarily have to be amended by reducing the amount of the judgment from the total amount sued for to one-half the amount sued for.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be amended, and, as amended, that there now be judgment for plaintiff against defendant in the sum of $121.45, with legal interest thereon from January 8, 1932 until paid, with ten per cent on the amount of principal and interest as attorney's fees. Costs of the lower court to be paid by defendant and costs of appeal by plaintiff.